STEPHEN M. LOBBIN
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

*Attorney(s) for Social Positioning Input Systems, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS, LLC, | § § § § |
| Plaintiff, | § Case No. 5:21-cv-06704 § |
| vs. | § PATENT CASE § |
| ABAQUS, INC., | § COMPLAINT § |
| Defendant. | § § § |

Plaintiff Social Positioning Input Systems, LLC ("Plaintiff" or "SPIS") files this Complaint against Abaqus, Inc. ("Defendant" or "Abaqus") for infringement of United States Patent No. 9,261,365 (hereinafter "the '365 Patent").

## PARTIES AND JURISDICTION

1.  This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.  Plaintiff is a Texas limited liability company with an address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

4. On information and belief, Defendant is a Delaware corporation with its principal office located at 972 N California Avenue, Palo Alto, CA 94303. On information and belief, Defendant may be served through its agent, Vcorp Services, LLC, 1013 Centre Road Suite 403-B, Wilmington, DE 19805.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '365 Patent with sole rights to enforce the '365 Patent and sue infringers.

11. A copy of the '365 Patent, titled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," is attached hereto as Exhibit A.

12. The '365 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '365 Patent by making, using (at least by having its employees, or someone under Defendant's control, test the accused Product), importing, selling, and/or offering for sale associated hardware and software for asset locating services (e.g., Abaqus allGeo asset tracking platform, and any associated hardware, apps, or other software) ("Product") covered by at least Claim 1 of the '365 Patent. Defendant has infringed and continues to infringe the '365 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14. The Product provides an asset tracking system for real-time GPS tracking of assets. A user can receive location information on a positional information device (e.g., mobile device or computer). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.

> allGeo's employee time and location tracking app protects employees' right to privacy while tracking them. Employers need to have a policy in place informing their employees that their device has a GPS time and location tracking app installed on their phone that will monitor their whereabouts during work hours only, disabling tracking during lunch hour and after hours.

Source: https://www.allgeo.com/how-to-track-employee-location

> Employee location can be tracked with allGeo mobile app that records employee hours with GPS stamped location in the field. Instead of employees logging their clock in and out times on spreadsheet or on paper manually, hours are automatically tracked in the field, stored in a database and can be exported at any time for payroll and compliance purposes.

Source: https://www.allgeo.com/how-to-track-employee-location

3
COMPLAINT AGAINST ABAQUS, INC.



Source: https://www.allgeo.com/how-to-track-employee-location

15. The Product software sends a request from a first (requesting) positional information device (e.g., mobile device or desktop with software installed) to a server. The request is for the real-time location (e.g., stored address) of an asset, and includes a first identifier of the requesting positional information device (e.g., user ID and password for the Product software used in the particular enterprise). The request is sent to the Product server for transmitting the asset location. The server receives the at least one address from a second (sending) positional information device at the asset (e.g., employee mobile phone). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



16. The at least one address is received from the server at the requesting positional information device. For example the Product's server transmits the position of an asset (at least one address) to the requesting positional information device. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.

> **How does the allGeo employee time tracking app work?**
>
> The software works via a mobile app. Employees need to install the app from the App Store and complete the registration process. Once the mobile number is registered, the manager/admin needs to set up employee information in the system. With this step, employee tracking starts automatically and managers have employee location available in real-time.

> **Multiple ways to record employees' time and location**
>
> Employees can clock in/out manually or they can be clocked in/out automatically based on job location. Get real time visibility into field employees using the employee time tracking app. Works on all smartphones.

Source: https://www.allgeo.com/employee-time-tracking-app-for-android-and-iphone

6
COMPLAINT AGAINST ABAQUS, INC.



17. A second identifier for the second (sending) positional information device is determined based on the first identifier and the server retrieves the at least one address stored in the at least one sending positional information device. The Product application installed on the requesting positional information device requests (from the server) the asset's GPS location (i.e., at least one stored address stored). As shown above, before activating the tracker (i.e., the sending positional information device), a unique tracking device's ID number or credentials (i.e., second identifier) needs to be added to the user's account identified by the user login ID and password (i.e., the first identifier). Hence, the tracker device's ID number or asset credentials (i.e., second identifier) is mapped to the user's login ID (i.e., the first identifier) for tracking the real-time location (i.e., at least one stored address stored) of the asset. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.

> allGeo's employee time and location tracking app protects employees' right to privacy while tracking them. Employers need to have a policy in place informing their employees that their device has a GPS time and location tracking app installed on their phone that will monitor their whereabouts during work hours only, disabling tracking during lunch hour and after hours.

Source: https://www.allgeo.com/how-to-track-employee-location

> Employee location can be tracked with allGeo mobile app that records employee hours with GPS stamped location in the field. Instead of employees logging their clock in and out times on spreadsheet or on paper manually, hours are automatically tracked in the field, stored in a database and can be exported at any time for payroll and compliance purposes.

Source: https://www.allgeo.com/how-to-track-employee-location

## How does the allGeo employee time tracking app work?

The software works via a mobile app. Employees need to install the app from the App Store and complete the registration process. Once the mobile number is registered, the manager/admin needs to set up employee information in the system. With this step, employee tracking starts automatically and managers have employee location available in real-time.

Source: https://www.allgeo.com/employee-time-tracking-app-for-android-and-iphone

## Multiple ways to record employees' time and location

Employees can clock in/out manually or they can be clocked in/out automatically based on job location. Get real time visibility into field employees using the employee time tracking app. Works on all smartphones.

Source: https://www.allgeo.com/employee-time-tracking-app-for-android-and-iphone




**Works on all Smartphones**

allGeo's employee time and location tracking app works on any smartphone.

Source: https://www.allgeo.com/how-to-track-employee-location

COMPLAINT AGAINST ABAQUS, INC.



18. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

19. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

20. Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

21. Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)     Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,261,365 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: August 30, 2021                    Respectfully submitted,

/s/ Stephen M. Lobbin
Stephen M. Lobbin
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

**Attorney(s) for Plaintiff Social Positioning Input Systems, LLC**

COMPLAINT AGAINST ABAQUS, INC.